LILLIAN BENEVIDES *vs.* LEO KELLY.

FEBRUARY 10, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

312

Roberts, J. This action of trespass on the case for negligence arose out of an accident occurring on February 11, 1956, in which the plaintiff, while a passenger in the defendant's automobile, was injured allegedly as a result of his negligence. Subsequent to the accident the parties were married and at the time suit was instituted, January 16, 1958, were living together as husband and wife. The defendant filed a special plea to the plaintiff's declaration, praying judgment primarily on the ground that he and the plaintiff were husband and wife at the time of the bringing of the suit. The plaintiff filed a replication setting out that the action ought not be barred, first, because the tort occurred prior to her marriage to the defendant, and second, because an insurer is the party defendant. The defendant's demurrer to this pleading was sustained, and the case is before us on the plaintiff's exception to such ruling.

At common law neither spouse could maintain an action against the other. *Comstock* v. *Comstock*, 106 Vt. 50; *Patenaude* v. *Patenaude*, 195 Minn. 523. It is not necessary to a decision in this case to discuss the philosophy underlying this common-law doctrine. It suffices to say that the validity, if any, of the doctrine was based on the concept of the identity of husband and wife in the unity of marriage and on the basis that public policy required that such suits be barred as disruptive of the marital relationship. It is well established that, so far as it was applicable to the pertinent conditions and circumstances, the common law of

England was imported into our jurisprudence. *Bloomfield* v. *Brown,* 67 R. I. 452. In *Oken* v. *Oken,* 44 R. I. 291, this court by clear implication accepted as the law of this state the common-law rule of interspousal immunity from suit.

It is clear that plaintiff here as a married woman has a separate property right in the cause of action which accrued to her by reason of defendant's tortious act prior to her marriage to him. This cause of action did not abate by reason of her marriage. General laws 1956, §15-4-1, provides, "The real estate, chattels real and personal estate, which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, including damages recovered in suits or proceedings for her benefit and compensation for her property taken for public use, and the proceeds of all such property, shall be and remain her sole and separate property free from control of her husband."

The word "property" in the statute has been construed as having been used in a broad sense and to include a chose in action owned by the woman at the time of her marriage. *Cooney* v. *Lincoln,* 20 R. I. 183, 186. Since it is concluded that the plaintiff has a separate property right in the cause of action, there remains the question whether she is without a remedy by reason of the common-law rule being still the law of this state.

The plaintiff's primary argument, as we understand it, is that G. L. 1956, §15-4-14, should be construed as having abrogated the common-law rule. That section reads, "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone." The effect of statutes identical with or similar to §15-4-14 has been considered by the courts of other jurisdictions with varying conclusions. In *Bloomfield* v. *Brown, supra,* this court stated, at page 461, that because of the varied language used in married women's acts in other

jurisdictions and the different constructions therein given to those acts, it would confine its consideration of the issue in that case to the effect, if any, of our own act and cases decided thereunder. We reaffirm our adherence to this policy.

From an examination of our own decisions, it would appear that this court has in the past been of the opinion that the common-law rule has been partially abrogated or modified by the statute. Some of the earlier members of this court in opinions written by them not long after the advent of the married women's acts into our statute law, in obiter dictum indicated that they were of the opinion that such legislation was intended to fully emancipate married women and give them the status of a feme sole.

In the case of *McElroy* v. *Capron,* 24 R. I. 561, the court said, at page 564, that the evident legislative intent in enacting such laws was to "place a married woman upon practically the same basis or plane, with regard to legal rights and liabilities, as if she were sole and unmarried." In *Smith* v. *Smith,* 20 R. I. 556, we held that a married woman under the statute could maintain an action against her husband for the conversion of her property. With reference to this statute the court stated that it was intended to give to married women entire control of their property, free from any control or interference by their husbands, and "to place them in that respect on the same footing as single women in the management of their property." In *Cooney* v. *Lincoln, supra,* the court held that a married woman could legally execute a general release to a third party tort feasor without being joined therein by her husband.

However, in *Oken* v. *Oken, supra,* where the action was brought by the wife for a tort committed during coverture, this court, speaking of what is now §15-4-14, said, "The court has carefully considered the statute law of this state relating to the property rights of married women and finds

therein no authority, express or implied, authorizing a married woman to sue her husband for damages for personal injuries caused by his negligence. If such a radical change is to be made in the common law rights and liabilities of married persons, as that urged by the plaintiff, it must be made by clear enactment of the General Assembly * * *."

In *Kelley* v. *Kelley*, 51 R. I. 173, we refused to permit a wife to maintain an action in trespass and ejectment against her husband, and referring to what is now §15-4-14 quoted above held that it was intended only to remove a previously existing disability which precluded a married woman from suing or being sued alone when the cause of action related to her separate property. The court stated, at page 176, "A literal construction of the act would authorize any proceeding against the husband which the wife could bring against any other person. There is nothing in the act to show an intention by the legislature to so modify the marriage relation as to authorize an action of this character against her husband."

The decision in the case of *Oken* v. *Oken, supra,* is persuasive that this court, despite earlier expressions indicative of a contrary opinion, did not accept the argument that §15-4-14 constitutes a clear and complete legislative abrogation of the common-law rule. The language used in the case of *Kelley* v. *Kelley, supra,* gives support to this view, although in that case the court was considering the maintenance of a possessory action by the wife against the husband. We are aware that in the *Kelley* case it was stated that if the act were given a "literal construction" it would authorize any suit against a husband by a wife, which appears to be tantamount to saying that literally construed the statute would abrogate the common-law rule. It is entirely conceivable that compelling arguments could be advanced that the statute should be given a literal construction.

The plaintiff here, however, has presented no sound legal reason for departing from the position taken by the court in the *Oken* case, *supra*, and, being cognizant of the merits of the doctrine of stare decisis, we conclude that the statutes have not abrogated the common-law rule in its entirety. To the extent that the rule enjoins suits by one spouse based on the negligence of the other spouse, it remains the law of this state and in our opinion is controlling of the issue raised in the instant case.

We are mindful that the cause of action on which plaintiff sues in this case accrued to her prior to her marriage to defendant. We are also mindful of the significance of the effect of our statute in conferring upon plaintiff a separate property in that cause of action after her marriage. The plaintiff has emphasized this aspect of the case in urging that the court might well modify the common-law rule, at least in those cases where the action is brought on the basis of a tort committed before coverture.

We are aware that there is an increasing tendency on the part of courts of competent jurisdiction to alter common-law doctrines which have outlived their usefulness or are based on public policies which are now of doubtful validity. See the dissenting opinion in *Koplik* v. *C. P. Trucking Corp.*, 27 N. J. 1. It is our opinion that such a course of action, however desirable it might be made to appear, is not open to us. It is settled in this jurisdiction that the courts will follow the common law to the extent that it remains applicable in given circumstances unless such law is modified by statute. In *Lombardi* v. *California Packing Sales Co.*, 83 R. I. 51, this court said, at page 54, "In this jurisdiction the common law is followed except in so far as it is modified by statute." In the instant case we perceive no reason for departing from that policy.

The second ground set out in the replication, that is, that the action is defended by an insurer, is without merit. Its principal infirmity is that it is dehors the record. Nowhere

in the record, other than in the replication, does it appear that the defendant is protected by liability insurance. The plaintiff's attempt to import such averment into the record by way of the replication cannot be permitted, for in view of the provisions of G. L. 1956, §27-7-2, an insurer could not be joined as a party defendant in the instant circumstances. It is our opinion that the trial justice properly sustained the defendant's demurrer to the replication.

The plaintiff's exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for plaintiff.

*Carroll & Dwyer, Joseph G. Miller, John G. Carroll,* for defendant.