SHIRLEY A. SIMMONS, APPELLANT, v. LEO E. O'BRIEN, APPELLEE.

272 N. W. 2d 273

Filed December 6, 1978. No. 41739.

Sally Millett Rau of Walsh, Walentine & Miles, for appellant.

No appearance for appellee O'Brien.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and COLWELL, District Judge.

WHITE, J.

This is an appeal from the order of the District Court denying a decree of dissolution. We reverse and remand with directions.

The sole and only issue is whether the District Court erred in refusing to grant a decree of dissolution on the ground that it lacked jurisdiction because of the form of name used in the petition for dissolution. At the time of marriage, petitioner-appellant Shirley A. Simmons did not take the married name of her husband, respondent-appellee Leo E. O'Brien. Throughout the marriage each of the parties practiced their professions in their former surnames. Appellant commenced the action in her own surname. The basis of the trial court finding was section 42-353, R. R. S. 1943, which describes the form of the petition in marriage dissolution cases. " * * * The petition shall include the following: (1) The name and address of petitioner and his attorney; (2) The name and address, if known, of respondent; * * *." At common law a married woman could legally bear a different name from her husband. The King v. The Inhabitants of St. Faith's Newton (1823), 3 Dowling & Ryland's Reports 348, Kruzel v. Podell, 67 Wis. 2d 138, 226 N. W. 2d 458.

Change of name statutes do not abrogate or supersede the common law but affirm the common-law right and afford an additional method by which name

change may be effected as a matter of public record. Piotrowski v. Piotrowski, 71 Mich. App. 213, 247 N. W. 2d 354. There are no constitutional or statutory provisions which require a married woman to take her husband's surname. "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature of this state, is adopted and declared to be law within the State of Nebraska." Section 49-101, R. R. S. 1943. A married woman, being free to adopt or not to adopt her husband's surname at common law, remains free to do so.

The evidence was clear and the trial court found that there were irreconcilable differences between the parties and that the property settlement was fair and not unconscionable. The judgment is reversed and the cause remanded to the District Court with directions to enter a decree of dissolution and to approve the property settlement.

REVERSED AND REMANDED WITH DIRECTIONS.