404 A.2d 77.

KATHRYN M. TRAUGOTT *vs.* EUGENE PETIT, REGISTRAR.

JULY 27, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.  Kathryn M. Traugott (Traugott) is appealing from a Superior Court judgment that decreed, *inter alia*, that married women, including Traugott, who wish to register a motor vehicle or apply for an operator's license must use their Christian names followed by their husband's surnames.

Traugott, who was formerly married, used the surname of her husband during the period of her marriage. Her divorce decree, issued in Massachusetts, does not specifically mention that she chose to resume the use of her birth name upon obtaining her divorce. Nevertheless, subsequent to her divorce, she changed her name back to Traugott on all public records and on her private business records, with the exception of her Rhode Island driver's license and her United States passport, which contains both names. When she attempted to change her name on her Rhode Island driver's license, however, the Registry of Motor Vehicles (the registry) informed her that to do so necessitated presentation

of either a divorce decree specifically granting her the use of her birth name or another legal document evidencing the change from her married surname to her birth name. Traugott therefore complained to the Superior Court under the Uniform Declaratory Judgments Act, G.L. 1956 (1969) Reenactment) §§9-30-1 to -16 and 42 U.S.C. §1983 (1970), seeking an injunction and a declaration of her rights to redress the violation of her civil and constitutional rights.

After the hearing, the trial court decided that the legal name of a married woman, including that of Traugott, is her Christian name followed by her husband's surname. The trial justice thus countenanced the registry's policy of refusing to change the name of a divorced woman on its records of motor vehicle registrations and licenses without proof of a divorce decree granting the woman the right to resume her former or maiden name. Traugott is appealing from this judgment.

The issue before this court is whether a citizen, divorced or otherwise, has the right in Rhode Island to change her name and to have that name change recorded by the registry without presenting a court decree. Traugott maintains that absent legislation to the contrary, all citizens in Rhode Island have a common-law right to use, assume, and adopt any name as long as the purpose of its assumption or adoption is not fraudulent. She therefore reasons that because no Rhode Island statute, including the enabling act of the registry, abrogates this common-law right, all women, whether married or single have the right to adopt any names they choose as their legal names.[1]

---

[1]Traugott's second argument is that the policy of the registry violates her constitutional rights as secured by the Fourteenth Amendment to the United States Constitution and her civil rights under the provisions of 42 U.S.C. §1983 (1970). She claims that the trial justice erred in not finding the registry's policy unconstitutional. In oral argument, however, Traugott stated that she was not relying on this contention. In any event, in view of our response to Traugott's first contention, there is no need to address her constitutional claim.

Under the common law, individuals have the right to change their name as long as they do so with a nonfraudulent purpose. *Secretary of the Commonwealth v. City Clerk*, 373 Mass. 178, 183, 366 N.E.2d 717, 721 (1977); *Stuart v. Board of Supervisors of Elections*, 266 Md. 440, 446-47, 295 A.2d 223, 226-27 (1972); *Piotrowski v. Piotrowski*, 71 Mich. Appl. 213, 215-16, 247 N.W.2d 354, 355 (1976); *Moskowitz v. Moskowitz*, 118 N.H. 199, 202, 385 A.2d 120, 122 (1978); *Dunn v. Palermo*, 522 S.W.2d 679, 682-83 (Tenn. 1975); *Kruzel v. Podell*, 67 Wis. 2d 138, 151, 226 N.W.2d 458, 463-64 (1975). This court has held that Rhode Island has adopted the common law to the extent that it remains applicable in given circumstances. *Benevides v. Kelly*, 90 R.I. 310, 312-13, 316, 157 A.2d 821, 822, 824 (1960). The common law governs the rights and obligations of citizens in Rhode Island unless that law has been modified by the General Assembly. *Id.* at 316, 157 A.2d at 824, *citing Lombardi v. California Packing Sales Co.*, 83 R.I. 51, 54, 112 A.2d 701, 702 (1955). Both of the parties agree that absent appropriate legislation abrogating the common-law right to change one's name nonfraudulently, the registry is powerless to require a divorced woman to produce a divorce decree reestablishing the use of her birth name in order to remove her ex-husband's surname from her driver's license. The registry, however, asserts that although the Legislature has not entirely abrogated the common-law right, statutes enacted by the General Assembly in the area of motor vehicle licensing and registration evidence a "strong legislative intent to modify, in a limited way, the general common law rule." The registry further contends that pursuant to statute and to registry policy, the state of Rhode Island requires a married woman who wishes to apply for a motor vehicle operator's license or to register a motor vehicle to use her husband's surname and a divorcee who wishes to do likewise to obtain a divorce or a probate court decree indicating a name change. The registry cites G.L. 1956 (1969 Reenactment) §15-5-17 as proof of this contention. Section 15-5-17 reads as follows:

"Change of name.—Any woman, to whom a divorce from the bond of marriage is decreed, may be authorized by such decree to change her name, subject to the same rights and liabilities as if her name had not been changed."

The registry refers to the following portions of its enabling act as authority for its own policy, G.L. 1956 (1968 Reenactment) §31-10-12:

"Contents of application [for operator's or chauffeur's license].—Every said application shall state the full name, date of birth, sex, and residence address of the applicant * * *."

"31-10-26. Issuance of license—Signature of licensee.—The registry shall (upon payment of the required fee) issue to every applicant qualifying therefor an operator's or chauffeur's license as applied for, which license shall bear thereon a distinguishing number assigned to the licensee, the full name * * * of the licensee * * *."

"§31-3-35. Notice of change of name.—Whenever the name of any person who has made application for or obtained the registration of a vehicle is thereafter changed by marriage or otherwise such person shall within ten (10) days notify the registry of such former and new name."

"§ 31-10-32. Notice of change of address or name.—Whenever any person after applying for or receiving an operator's or chauffeur's license shall move from the address named in such application or in the license issued to him or when the name of a licensee is changed by marriage or otherwise such person shall within ten (10) days thereafter notify the registry in writing of his old and new addresses or of such former and new names and of the number of any license then held by him."

In §§31-10-12 and -26 the registry puts particular emphasis on the phrase "full name," interpreting the word "full" as requiring a married woman to include her husband's surname on her application for a license and as requiring the registry to issue such a license bearing the husband's surname. The registry also interprets the requirement of notification in §§31-3-35 and 31-10-32 as necessitating that a divorcée present to the registry a divorce decree pursuant to §15-5-17, or a probate court decree pursuant to §8-9-9. Section 8-9-9 reads in part as follows: "Every probate court shall have jurisdiction, in the town or city in which it is established * * * of change of names of persons * * *."

We must consider the registry's contention that the General Assembly, by enacting §§8-9-9 and 15-5-17, has sanctioned the registry's policy of requiring a divorcée to produce a court decree evidencing her name change in light of our rule that absent legislative guidance to the contrary, we shall not interpret statutes enacted by the General Assembly as abrogating or superseding the common law. *See Souza* v. *O'Hara,* 121 R.I. 88, 90, 395 A.2d 1060, 1062 (1978); 3 Sutherland, *Statutory Construction* §61.01 at 41 (Sands 4th ed. 1974). In applying this rule to our general name-change statute, §8-9-9, we note that the General Assembly has not indicated an intent to modify the common law. We therefore hold that §8-9-9 is an optional method that may be employed to change one's name. Similarly, a number of courts have held that their name-change statutes do not abrogate or supersede the common law, but merely afford an additional method of effectuating a name change as a matter of public record. *See, e.g., Brown* v. *Brown,* 384 A.2d 632, 633 (D.C. Ct. Appl. 1977); *Secretary of the Commonwealth* v. *City Clerk,* 373 Mass. 178, 184, 366 N.E.2d 717, 722 (1977); *Piotrowski* v. *Piotrowski,* 71 Mich. App. 213, 216, 247 N.W.2d 354, 355 (1976); *Simmons* v. *O'Brien,* 201 Neb. 778, 779-80, 272 N.W.2d 273, 274 (1978).

The registry agrees that §8-9-9 affords an additional method of changing one's name without obliterating the common-law right, yet neglects to categorize §15-5-17 with

§8-9-9 as a name-change statute. We find ourselves, however, unable to differentiate between a statute that allows a name change by probate court decree and one that permits a divorce decree to contain a name change. Section 15-5-17, like §8-9-9, is an additional method that may be utilized by divorced people who wish to change their names. Section 15-5-17 merely allows those seeking a divorce in Rhode Island to ask the court to include their changes of name in the divorce decrees. This section thus obviates the necessity of newly divorced people to then petition the probate court to enter decrees establishing that they have changed their names. In sum, §15-5-17 is an optional name-change statute, like §8-9-9, that aids the common law and avoids unnecessary, duplicative court proceedings. If we were to hold otherwise, and rule that §15-5-17 requires divorced people who wish to change their names to request that the divorce decrees encompass the name changes, then we would be imposing upon them an undue burden on their common-law right to nonfraudulently change their names. We are unable to impose such a burden in view of the fact that the General Assembly has not indicated its desire to modify the common law in this area.

The registry's claim that §§31-3-35, 31-10-12, -26, -32, which require applicants to notify the registry of a name-change and the applicant's full name on license applications, modify the common-law right of divorced people to change their names nonfraudulently is also governed by *Souza*. Because those sections do not expressly delimit the common-law right to change one's name nonfraudulently, we construe them as merely requiring the applicants to state on applications their full names as they have chosen them and to notify the registry upon assuming new names. None of these sections requires a divorced licensee to produce a divorce or probate court decree as proof of a name change. We therefore uphold Traugott's claim that the General Assembly has not abrogated the common-law right of qualified applicants to use, assume, or adopt any name as long as the purpose of its assumption or adoption is not fraudulent and hold that the trial justice erred both in finding that a married

woman's legal name must be her first name with her husband's surname and in sustaining the registry's policy to that effect.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court.

*Sheila Cabral-Sousa*, for plaintiff.

*Francis J. Darigan, Jr.*, for respondent.