**Mary Janice AYERS–SCHAFFNER**

v.

**Anthony SOLOMON.**

**No. 82–170–Appeal.**

Supreme Court of Rhode Island.

June 16, 1983.

---

Netti C. Vogel, Providence, for plaintiff.

Dennis J. Roberts, II, Atty. Gen., Madeline Quirk, Sp. Asst. Atty. Gen., for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought pursuant to the Criminal Injuries Compensation Act (the act), G.L.1956 (1981 Reenactment) §§ 12–25–1 through 12–25–14, by the administratrix of the estate of a crime victim. The administratrix sought recovery for her decedent's predeath claim for pain and suffering under the act. The trial justice denied recovery, and the administratrix (petitioner) appeals from that judgment.

The facts are undisputed. On April 8, 1981, the decedent, Catherine G. Ryan, was severely injured by a criminal assault and battery while she was walking outside a residential complex for the elderly. On August 27, 1981, Catherine filed a petition pursuant to G.L.1956 (1981 Reenactment) §§ 12–25–1 through 12–25–14 seeking compensation as a victim for her injury resulting from the assault and battery. She died on September 3, 1981, of causes unrelated to the injuries sustained from the April 8, 1981, assault and battery. On October 22, 1981, Catherine's only child, her daughter Mary Janice Ayers-Schaffner, filed a mo-

tion to be substituted as the petitioner in her capacity as administratrix of the estate of her mother. The motion was granted.

After a hearing in the Superior Court without a jury, the trial justice denied recovery on the ground that a predeath claim for pain and suffering under § 12–25–5(c) does not survive the death of the victim and therefore the estate is not entitled to recover any compensation.[1]

The sole issue presented on appeal is whether the decedent's estate can recover for her pain and suffering incurred prior to her death even though no pecuniary loss resulted from her injuries.[2]

The petitioner argues that the act does not limit compensation for pain and suffering to surviving victims. She claims that the Legislature would have expressly so stated had that been its intention. Thus, petitioner claims that the trial justice's decision is not supported by the language of the statutory scheme.

The petitioner contends that the plain wording of § 12–25–3(b)(3) provides for compensation in the case of a victim's death "for the benefit of the dependents or closest relative of the deceased victim * * * or to the legal representative of the victim."

Finally, petitioner argues that allowing a claim for pain and suffering to survive the victim's death is consistent with other Rho-

de Island legislation, specifically the Wrongful Death Statute.

On appeal, the state argues that because the act provides a right of relief not existing at common law, the statute itself dictates the nature and extent of the cause of action. Since there is no express provision in the act authorizing the survival of claims for pain and suffering by deceased victims or their legal representatives, no such right should be inferred by this court.

■■■ The manifest purpose of criminal-victim-compensation acts is the humane and remedial one of attempting to compensate innocent victims of violent crimes by providing a measure of relief where it would be futile or impossible to prosecute a civil-damage claim against a financially irresponsible or unknown tortfeasor. *White v. Violent Crimes Compensation Board,* 76 N.J. 368, 379–80, 388 A.2d 206, 211–12 (1978). The right of a victim to compensation for losses resulting from the commission of violent crimes was unknown at common law and is therefore entirely a creature of statute. *Id.* at 375, 388 A.2d at 209. As a general rule, statutes which establish rights not recognized by the common law are subject to strict construction. *Town of North Kingstown v. North Kingstown Teachers Association,* 110 R.I. 698, 703 n. 5,

---

1. General Laws 1956 (1981 Reenactment) § 12 -25--5 provides:

"The court may render judgment for compensation under this chapter for—
(a) expenses actually and reasonably incurred as a result of the personal injury or death of the victim;
(b) pecuniary loss to the dependents of the deceased victim;
(c) pain and suffering of the victim; and
(d) any other pecuniary loss resulting from the personal injury or death of the victim, the amount of which the court finds upon the evidence to be reasonable and necessary.
"In determining the amount of the judgment, the court may, in its discretion, take into consideration the rates and amounts payable for injuries and death under other statutes of this state and of the United States, the amount of revenue in the violent-crimes indemnity fund, and the number and nature of claims pending against it."

2. General Laws 1956 (1981 Reenactment) § 12–25–2(7) provides:

"The term 'Pecuniary loss' includes:
(A) for personal injury—
(1) medical expenses (including psychiatric care);
(2) hospital expenses;
(3) loss of past earnings; and
(4) loss of future earnings because of a disability resulting from the personal injury; and
(B) for death—
(1) funeral and burial expenses; and
(2) loss of support to the dependents of the victim.
Pecuniary loss includes any other expenses actually and necessarily incurred as a result of the personal injury or death, but it does not include property damage."

297 A.2d 342, 344 n. 5 (1972); *see* 3 Sands, *Sutherland's Statutory Construction,* § 61.-01 at 41 (1974). It has been well established by this court that where the Legislature intends to alter the common law, such alteration must be plainly expressed and will not be inferred by the court. *See Traugott v. Petit,* R.I., 404 A.2d 77, 80 (1979); *Souza v. O'Hara,* 121 R.I. 88, 91, 395 A.2d 1060, 1062 (1978). However, where the statute is remedial, one which affords a remedy, or improves or facilitates remedies already existing for the enforcement or rights of redress of wrongs, it is to be construed liberally. *See City of Warwick v. Almac's, Inc.,* R.I., 442 A.2d 1265, 1272–73 (1982); *Volpe v. Stillman White Co.,* R.I., 415 A.2d 1034, 1035 (1980); *see* 3 Sands, § 60.02 at 31–32 and § 61.03 at 51–52. Because our Criminal Injuries Compensation Act is remedial in nature, we will not subject its language to strict construction. We will look to the plain wording of the statutory scheme to determine whether a victim's claim to damages for pain and suffering survives his or her death. *See Rule v. Rhode Island Department of Transportation,* R.I., 427 A.2d 1305, 1310 (1981); *In re LaFreniere,* R.I., 420 A.2d 82, 84 (1980).[3]

Section 12–25–3(a) provides that "[i]n any case in which a person is injured or killed by any act of a person * * * which is within the description of the offenses listed in § 12–25–4, the victim, * * * or in the case of his death, a legal representative, may commence * * * a civil action against the state of Rhode Island for compensation * * *." It is further provided in § 12–25–3(b)(3) that the court may render a judgment for compensation, "in the case of the death of the victim, to or for the benefit of the dependents or closest relative of the deceased victim, * * * or to the legal representative of the victim." This language clearly indicates that compensation should be rendered in the case of deceased victims.

■ The nature of the compensation which may be awarded under the act is defined in § 12–25–5 and specifically enumerates pain and suffering of the victim. Because of the absence of any adjective or modifier for the term "victim" in § 12–25–5(c), the meaning of that term must be derived from the definitional section of the act. Section 12–25–2 provides: "(6) the term 'Victim' means a person who is injured or killed by any act of a person or persons which is within the description of any of the offenses specified in § 12–25–4." When the Legislature defines the terms used in its enactments, those definitions are binding on the court. *See Town of Scituate v. O'Rourke,* 103 R.I. 499, 512, 239 A.2d 176, 184 (1968).

■ Thus, a reading of §§ 12–25–5(c) and 12–25–2(6) together indicates that the act does not discriminate between surviving victims and deceased victims when allowing recovery for pain and suffering. Although the statute does not specifically address the situation in which a victim's death is causally unrelated to the violent crime, the fact that a deceased victim is eligible for pain-and-suffering compensation certainly implies that the claim survives the death of any victim.[4]

---

**3.** Whether compensation for pain and suffering should have been included in statutory crime-victim-compensation acts has been a controversial question. *See, e.g.,* P. Drobny, *Compensation to Victims of Crime: An Analysis,* 16 St. Louis Univ.L.Rev. 201, 213–14 (1971); Note, 47 Notre Dame Lawyer 88, 98 (1971).

**4.** Compare the Hawaii statutory scheme which expressly provides for the survival of a pain and suffering claim if the victim dies after filing an application for compensation with the Criminal Injuries Compensation Commission.

Hawaii Rev.Stat. § 351–33 (1976) provides that:

"The criminal injuries compensation commission may order the payment of compensation under this part for:
(1) Expenses actually and reasonably incurred as a result of the injury or death of the victim;
(2) Loss to the victim of earning power as a result of total or partial incapacity;
(3) Pecuniary loss to the dependents of the deceased victim;
(4) Pain and suffering to the victim; and
(5) Any other pecuniary loss directly resulting from the injury or death of the victim which the commission determines to be reasonable and proper."

■ We conclude, therefore, that when a victim of a violent crime claims compensation for pain and suffering and later dies, that claim survives the death and the estate of the victim may recover such compensation.[5]

The petitioner's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court.

Weisberger, J., with whom Murray, J., joins, dissenting. We would affirm the judgment of the Superior Court. The trial justice in limiting compensation to the personal representative of the decedent to pecuniary loss, was, in our opinion, implementing the legislative policy as set forth in G.L.1956 (1981 Reenactment) § 12–25–5. That section reads as follows:

"Nature of the compensation.—The court may render judgment for compensation under this chapter for—

(a) expenses actually and reasonably incurred as a result of the personal injury or death of the victim;

(b) pecuniary loss to the dependents of the deceased victim;

(c) pain and suffering of the victim; and

(d) any other pecuniary loss resulting from the personal injury or death of the victim, the amount of which the court finds upon the evidence to be reasonable and necessary.

"*In determining the amount of the judgment, the court may, in its discretion, take into consideration the rates and amounts payable for injuries and death under other statutes of this state and of the United States, and the amount of revenue in the violent crimes indemnity fund and the number and nature of claims pending against it.*" (Emphasis added.)

The trial justice concluded that it was the intention of the Legislature to create two classes of beneficiaries. One class would consist of those who were alive and who would be entitled to compensation for all injuries and loss, including pain and suffering. The second group would be the dependents or personal representatives of deceased victims who would be entitled to receive compensation for financial losses, such as funeral and burial expenses and loss of support to defendants but not pain and suffering. In reaching this conclusion, the trial justice considered among other elements "the amount of revenue in the violent crimes indemnity fund and the number and nature of claims pending against it." She deemed that it would be inappropriate to provide a "windfall" to the survivors of the deceased victim for pain and suffering that they had not incurred. In so doing, the fund might be rendered inadequate to compensate an actual living victim for pain and suffering that he or she had actually endured.

In our opinion, the trial justice was correct in her interpretation of the statute and its objectives in the light of the limited funding available. For this reason, we respectfully disagree with the conclusion of the majority.

Hawaii Rev.Stat. § 351–67 (1976) provides: "The rights to compensation created by this chapter are personal and shall not survive the death of the person or beneficiary entitled thereto, provided that if such death occurs after an application for compensation has been filed with the criminal injuries compensation commission, the proceedings shall not abate, but may be continued by the legal representative of the decedent's estate."

**5.** This conclusion is consistent with the Rhode Island Wrongful Death Statute in which damages recovered for pain and suffering become an asset of the estate. *See* G.L.1956 (1969 Reenactment) § 10–7–10, as enacted by P.L. 1971, ch. 46, § 1.