DECISION
Hasbro, Inc.'s (hereafter "Hasbro") Miscellaneous Petition to Enforce Victim's Bill of Rights is hereby denied.
In contemplation of a possible plea of nolo contendere, Hasbro brought this Miscellaneous Petition pursuant to the Victim's Bill of Rights, and specifically R.I. Gen. Laws §12-28-4.1, to enforce its rights as a victim. Hasbro contends that it sustained a loss of property because of Laudon's alleged illegal activities and should be awarded restitution as a condition of the disposition of the charges pending against Laudon.
The Victim's Bill of Rights stated legislative purpose is that
 [i]n recognition of the responsibility of the community to the victims of crime, the general assembly declares its intent to ensure:
 (1) That all crime victims are treated with dignity, respect, and sensitivity at all phases of the criminal, justice process;
 (2) That whenever possible they receive financial compensation for their injury or loss from the perpetrator of the crime; and
 (3) That the full impact of the crime upon the victim is brought to the attention of the court.
R.I. Gen. Laws § 12-28-2.
The Victim's Bill of Rights defined "victim" as "one who has sustained personal injury or loss of property directly attributable to the criminal conduct of which the defendant has been charged." R.I. Gen. Laws § 12-28-4.1(b). "When the Legislature defines the terms used in its enactments, those definitions are binding on the Court." Ayers-Schaffner v.Solomon, 461 A.2d 396, 399 (R.I. 1983). Under the circumstances of this case, Hasbro cannot be considered a victim under the Victim's Bill of Rights.
Hasbro has not suffered a loss of property "directly attributable" to the alleged criminal conduct of Laudon under R.I. Gen. Laws § 11-7-3. Hasbro may have suffered indirect losses due to the alleged violation of Laudon's duty of loyalty, but the pending civil litigation will decide any resulting losses. The alleged loss or property resulted from a breach of agency, not as a direct result of the solicitation or acceptance of a bribe and therefore, the Victim's Bill of Rights will not afford Hasbro any rights or remedies.
Even assuming arguendo that Hasbro is a "victim" under the Victim's Bill of Rights, this Court still would not be in a position, under the facts of this case, to consider any resulting loss at the sentencing hearing. Hasbro and Laudon are currently engaged in civil litigation in another state to determine what, if any damages Laudon owes Hasbro for his alleged acts.
Since a determination of what loss, if any, was sustained by Hasbro is the subject of pending litigation and will require the additional adjudication in a different forum irrespective of the outcome of this criminal action, this Court will not make an independent finding as to the amount of restitution to be awarded. See United States v. Sturm, 671 F. Supp. 79, 93 (D.Mass. 1987). Separate litigation of this proportion should not be allowed to clog the Court's dockets, with time pressures favoring priority over ordinary litigation so that defendants can be sentenced without extraordinary delay. See United States v.Bengimina, 699 F. Supp. 214, 219 (W.D.Mo. 1988).
Considering the foregoing principles and facts of this case, this Court concludes that Hasbro is not a victim under the Victim's Bill of Rights. Even if Hasbro could be considered a victim, Hasbro would not be entitled to a hearing on the possible award or restitution at the sentencing stage of a negotiated plea when other forums are currently litigating that issue.