DECISION
Before this Court is the Appeal of Southern New England District Assemblies of God and Outreach Ministries, Inc. (plaintiffs) from a December 20, 1994 decision of the Providence Zoning Board of Review (Board) denying relief from sections 202.7, 703.2 and 1000.41 of the Providence Zoning Ordinance for a variance for use and parking requirements for a community transitional residence in the City of Providence. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) §45-24-20.
FACTS/TRAVEL
The subject property is located at 65 Niagra Street in the city of Providence and is designated as Lot 474 on Assessor's Plat 49. It is located in an R-3 zone. Outreach Ministries, which is a subordinate of Southern New England, is the applicant in the zoning petition.
In 1987, the plaintiff purchased the subject property. Since that time, its Outreach Ministries has existed as a tax-exempt religious organization whose main purpose is to assist persons with life controlling problems through a fifteen (15) month residential Christian discipleship ministry at the subject property. (Transcript of November 15, 1994 Hearing, pp. 1-3). The purpose of the ministry is to provide assistance to these individuals to enable them to make the transition to independence and self-sufficiency on their own.
Some time in early 1994, Southern New England submitted plans to the Providence Department of Inspections and Standards for alterations on the subject property. This application was denied on the grounds that the "plans as drawn [did] not comply with the Providence Zoning Ordinance. See Notice to the Zoning Secretary from Department of Inspections and Standards. On or about April 14, 1994, the Department of Inspections and Standards issued a Notice of Violation to Outreach for a use violation of the property. See Notice of Violation to Southern New England.
On June 27, 1994, Southern New England, as owner, and Outreach, as applicant, filed an application dated July 21, 1994, with the Providence Zoning Board of Review. In the application, the plaintiff was requesting relief from sections 202.7 (use variance), 703.3 (parking requirements), and 1000.41 (definition of community transitional housing) under section 904 of the zoning ordinance.[1] Plaintiff received the support of the Department of Traffic and Engineering in a letter dated June 13, 1994, which stated that the necessary parking spaces were available. See Letter to the Providence Zoning Board of Review from the Department of Traffic and Engineering dated June 13, 1994, and the Department of Planning and Development after inspections of the subject property. See Recommendation Letter to the Board from the Department of Planning and Development. Numerous letters both in support of and in opposition to the petition were also submitted to the Board.
On November 15, 1994, an advertised hearing on the application was heard before the Board. Testimony in support of the application was given by Reverend Bob Strothoff, who testified as to the nature of the ministry program, the history and the accomplishments, and the success rate of its programs. He stated that ten (10) men in the program live at the house and three (3) of the five (5) staff members are on duty at all times. Tr. at 2. Reverend Strothoff further testified that the men living at the subject property could have, but do not have to have drug and/or alcohol related problems. Tr. at 7. Further, he stated that no medication therapy is used, that the men do not come into the program while they are under the influence, and that any detoxification is done prior to entering the ministry.Id. The program conducts three (3) hours of religious training in the morning and a chapel service six (6) days a week, and all administrators hold degrees in related areas. Id. Reverend Strothoff further testified that the house contains four (4) bedrooms with fifteen (15) beds in total, including five (5) for the staff members. Neighbors Marie Martin, Elizabeth Levesque, and Mary Araujo spoke in favor of granting the relief sought, and Abigail Crear, Francis DiPrete, and Councilwoman Nolan were individuals speaking against it. Finally, Ramzi Loqa, Director of the Department of Building Inspections and Standards, testified regarding his denial of a building permit because the ministry did not fit into sections 202.7, 1000.41 and 703.2 of the zoning statute. Tr. 32-33.
In support of its decision dated December 20, 1994, denying the plaintiff's application for a variance, the Board made the following findings of fact:
 1.) The Board finds that the applicant has not produced any evidence showing that all beneficial use of the property will be lost to prove a variance, nor has the applicant shown that the public interest, welfare and convenience would be served by the granting of this petition on the basis of a special use permit as set forth at Section 902 of the Zoning Ordinance.
 2.) Applicants who seek relief before the Zoning Board of Review have the burden of fulfilling the prerequisites to relief as outlined in Section 902 of the Zoning Ordinance. During the presentation of testimony the Board tried to ascertain the proper standard of proof with respect to the relief sought. The Board applied the true variance standard as set forth at Section 902.3. The applicant seeks relief to use the subject property for a use not permitted under Sections 202.7 and 1000.41.
 Pursuant to the Zoning Ordinance, specifically at Article X, Section 1000.41 — Definitions:
 A community transitional residence providing care or assistance, or both, to no more than six (6) unrelated persons or no more than three (3) families, not to exceed a total of eight (8), requiring temporary financial assistance, and/or to persons who are victims of crimes, abuse, or neglect, and who are expected to reside in that residence not less than sixty (60) days nor more than two (2) years. Residents will have access to and use of all common areas, including eating areas and living rooms, and will receive appropriate social services for the purpose of fostering independence, self-sufficiency, and eventual transition to a permanent living situation.
 The proposed use does not meet any definition of a community residence as set forth in sub-section (a), (b), (c) (d) of section 1000.41. Testimony was submitted indicating that more than eight (8) people would be residing on the premises. These people would not be the mentally or physically disabled and these residents would not include children. Additional testimony indicated that some residents would be in drug rehabilitation utilizing the power of prayer. Also, some residents would be those previously institutionalized and relocated to the facility. Therefore, the Board finds that the proposal is contrary to the definition of a "community residence" as outlined in Section 1000.41.
 3.) In line with the above findings, the Board concurs with the decision rendered by the Director of the Department of Inspection and Standards and further finds that the subject premises would be used, if granted, as a treatment facility thereby not meeting the criteria under Section 1000.41. In any case, the opportunity to appeal the Director's decision was waived by applicant's decision to seek a variance.
 4.) The Board further finds that there are various uses allowed under the Zoning Ordinance in the R-3 zone that could be conducted at this site, including but not limited to the existing legal two family use.
The plaintiff filed the instant appeal.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions; (2) In excess of the authority granted to the zoning board of review by statute or ordinance; (3) Made upon unlawful procedure; (4) Affected by other error of law. (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
COMMUNITY RESIDENCE
The plaintiffs' first exception is with the Board's finding that the subject property was to be used as a substance abuse treatment facility and, as such, did not fit the description of a community transitional residence in Section 1000.41 of the Ordinance. Based on this finding, the Board went on to deny the request for a use variance, finding that the plaintiff failed to show loss of all beneficial use of the property. The plaintiff argues that the evidence at the hearing did not warrant a finding that this was a treatment facility.
The City of Providence Zoning Ordinance permits property in an R-3 zone to be used as a community residence. Providence Zoning Ordinance, Sec. 303, 15.6. A community residence is defined in the zoning ordinance at Section 1000.41 as
 [a] home or residential facility where children and/or adults reside in a family setting and may or may not receive supervised care. This shall not include halfway houses or substance abuse treatment facilities. This shall include, but not be limited to the following: . . . (d) A community transitional residence providing care or assistance, or both, to no more than six (6) unrelated persons or no more than three (3) families, not to exceed a total of eight (8), requiring temporary financial assistance, and/or to persons who are victims of crimes, abuse, or neglect, and who are expected to reside in that residence not less than sixty (60) days nor more than two (2) years. Residents will have access to and use of all common areas, including eating areas and living rooms, and will receive appropriate social services for the purpose of fostering independence, self-sufficiency, and eventual transition to a permanent living situation.
The phrase, "substance abuse treatment facility," is not defined anywhere in the ordinance. Ayers-Schaffner v. Solomon,461 A.2d 396, 399 (R.I. 1983). When the Legislature defines the terms used in its enactments, those definitions are binding on the court. Function and duty of the courts in construing statutes is to establish and effectuate the intent of the Legislature. Inre Barnacle, 623 A.2d 445, 450 (R.I. 1993). Further, a primary rule of statutory construction is that words used in the statute be given their ordinary and literal meaning. Cocchini v. City ofProvidence, 479 A.2d 108, 111 (R.I. 1984). The rules of statutory construction apply equally to the construction of ordinances.Mongony v. Bevilacqua, 432 A.2d 661 (R.I. 1981) (citations omitted).
Although "substance abuse treatment facility" is not defined in the ordinance, it is a term which has a definite meaning and is recognized in this state. Such facilities exist throughout the state and are required to be licensed through the Department of Health or the Department of Children Youth and Families. See
R.I.G.L. 23-17-1 et seq.; R.I.G.L. 23-17.4.1 et seq.; R.I.G.L.42-72-1 et seq.; R.I.G.L. 40.1-24-3. The establishment at issue here does not fit the statutory description of "substance abuse treatment facility." The subject Outreach facility has not been licensed through that department. Further, Reverend Stothoff testified that the program is a Residential Christian Discipleship Ministry housing men with life-controlling problems, Tr. at 1-2, and that such problems do not have to be related to drugs and/or alcohol. Tr. at 7. The purpose of the facility is to allow such men a transition back into a permanent living situation. Such residency is temporary, and social services are provided to help this transition as required by the statute. See
Ordinance at 1000.41. While some evidence in the record demonstrated that some of the men residing at the Outreach facility had substance abuse problems at some point in their lives, the finding that it was a substance abuse treatment facility as referred to in the Ordinance was clearly erroneous and not supported by substantial evidence in the record. This evidence of record does not support the Board's interpretation of this phrase as encompassing all community residences which may house some individuals who are former substance abusers.
A review of petitioners' application and the evidence adduced at the November 15, 1994 hearing indicate that the subject facility does not fit the definition of a substance abuse treatment facility as contemplated by the statute and does fit into the definition of a community residence as provided in Section 1000.41 of the Ordinance. As such, the Outreach facility at 65 Niagra Street constitutes a permitted use under the Providence Zoning Statute not requiring a use variance. The Board erred by interpreting the statute to exclude the Outreach Ministry facility.
Finally, the record clearly contains sufficient evidence to support the granting of a deviation or special use permit for ten (10) rather than the prescribed maximum of "six (6) unrelated persons or no more than three (3) families not to exceed a total of eight (8) . . ." persons to reside there. Further, contrary to the Board's interpretation of the ordinance section, the Court finds that pursuant to the plain and clear language of the ordinance, staff members at such a facility, five (5) in this case, are not included in the number of individuals who may reside at the community residence.
CONCLUSION
After reviewing the entire record, this Court finds that the decision of the Board was clearly erroneous and was not supported by reliable, probative, and substantial evidence. Accordingly, the December 20, 1994 decision of the Board is hereby reversed. As a permitted use under the Providence Zoning Ordinance, it was not necessary for the Outreach facility to obtain a variance in order to continue such use. However, sufficient evidence does not exist on the record to support the granting of a use variance with respect to increasing the number of individuals who may reside at such community residence pursuant to ordinance section 1000.41 which allows ". . . no more than six (6) unrelated persons or no more than three (3) families, not to exceed a total of eight (8), . . . ."
Plaintiffs' request for costs is denied.
Counsel shall submit the appropriate order for entry.
[1] The Providence Zoning Ordinance, as amended effective June 27, 1994, redesignated the subject property in an R-3 zone. Such a zone permits use as a community transitional residence. As plaintiff's application for a variance was filed on June 27, 1994, the revised statute was controlling.