[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Peter Macera (hereafter "Plaintiff") a former employee of the Rhode Island Resource Recovery Corporation (hereafter "Defendant" or "Corporation") was suspended from his employment with the Corporation after he was indicted on charges stemming from the performance of his job duties. The Plaintiff has been acquitted of those charges and has requested reinstatement and other relief.
This matter comes before the Court pursuant to cross motions for summary judgment. The Plaintiff's complaint and this summary judgment motion seek a determination that he was denied his right to due process by not being afforded a pre-deprivation or post-deprivation hearing. Relying on G.L. 1956 § 23-19-6(k), Plaintiff also seeks indemnification for the legal expenses he incurred in defending against the criminal charges. Defendant, in its cross motion, requests that this Court enter summary judgment in its favor, arguing that Plaintiff is not entitled to due process hearings, nor entitled to statutory indemnification.[1]
 I. FACTS
The following facts are undisputed. The Defendant is a public corporation of the State of Rhode Island established pursuant to provisions of G.L. 1956 § 23-19-6. Plaintiff's term of employment with the Defendant commenced on December 1, 1980. Initially, Plaintiff was employed in the position of "Weigh Master." He eventually progressed to become the "Senior Weigh Master" and finally the "Scale House Supervisor." On July 1, 1997, Plaintiff signed a document acknowledging that he received the Corporation's Manual of Personnel Policies. The "Statement of Receipt" provides in pertinent part:
 "I understand and recognize that the policies, procedures, rules and regulations contained in this Policy Manual may be modified, changed or amended at any time by the Corporation and neither these policies nor my acknowledgement of receipt of them constitutes a contract of employment or promise of continued employment between the Rhode Island Resource Recovery Corporation and myself."
In early December 1997 the Plaintiff was indicted by a grand jury and charged with various counts of filing false documents and fraud, all of which related to his employment and job duties with the Defendant. Shortly after the indictment was returned on December 10, 1997, Sherry Giarrusso-Mulhearn, the Defendant's Executive Director/General Counsel, wrote to the Plaintiff and informed him that he was suspended without pay in light of the grand jury indictment.
The Plaintiff was acquitted of the criminal charges on February 3, 2000. Shortly thereafter, Paul Pisano (hereinafter "Pisano"), Defendant's legal counsel, spoke with Plaintiff's counsel and "informed him that there was no position available for Mr. Macera at RIRRC and that he would not be reinstated." (Affidavit of Pisano at ¶ 7). It is undisputed that Plaintiff was never specifically informed by the Corporation or its agents that he was terminated from his employment, or that he would be reinstated if he were to be acquitted of the criminal charges.
 II. STANDARD OF REVIEW
The Rhode Island Supreme Court has oft repeated the standard this Court must employ when ruling on a motion for summary judgment. "Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville RacingAssociation, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v.State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297
(R.I. 1980)); Super. Ct. R. Civ. P. 56(c). When the moving party sustains its burden "[t]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise, they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. Bristol Boat Co., 705 A.2d 969, 971
(R.I. 1998) (citing St. Paul Fire Marine Insurance Co. v.Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994)).
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320
(citing Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode IslandHospital Trust National Bank v. Boiteau, 376 A.2d 323 (R.I. 1977)). Therefore, "when an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (Citations omitted).
 III. ANALYSIS a. Plaintiff's claim to indemnification under § 23-19-6(k)
In support of the claim for indemnification, Plaintiff points to § 23-19-6(k), which provides in pertinent part:
 "(k) The state shall indemnify and hold harmless every past, present, or future commissioner, officer, or employee of the corporation who is made a party to or is required to testify in any action, investigation, or other proceeding in connection with or arising out of the performance or alleged lack of performance of that person's duties on behalf of the corporation. These persons shall be indemnified and held harmless, whether they are sued individually or in their capacities as commissioners, officers, or employees of the corporation, for all expenses, legal fees and/or costs incurred by them during or resulting from the proceedings, and for any award or judgment arising out of their service to the corporation that is not paid by the corporation and is sought to be enforced against a person individually, as expenses, legal fees, costs, awards or judgments occur. Provided, however, that neither the state nor the corporation shall indemnify any commissioner, officer or employee:
 (1) For acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law;
 (2) For any transaction from which the member derived an improper personal benefit; or
 (3) For any malicious act."
Our Supreme Court has noted that "[i]t is the historical practice of the American legal system that each party to a legal action pays its own expenses." Monti v. Warwick SchoolCommittee, 554 A.2d 638, 640 (R.I. 1989) (Murray, J. concurring). Other courts have recognized that the common law view ". . . requires a person prosecuted for a crime to pay his own expenses when he has the means of doing so." See Semper v.The City of Providence, 2001 WL 1005904 (Providence Superior 2001) (citing In the Matter of Chapman v. The City of New York,61 N.E. 108, 109, 168 N.Y. 80, 85 (1901)). Although this common law principle is widely accepted throughout American jurisprudence, it may be varied by specific legislative enactment. Some states have enacted statutes requiring municipalities to reimburse its officials for legal fees arising from criminal prosecutions. Id. (citing Schiefflin v. Henry,123 Misc. 792, 206 N.Y.S. 172 (1924)). When a statute is not explicit whether indemnification is mandated for an employee's expense associated with defense of a criminal prosecution, this Court must look to the tenets of statutory construction for assistance.
"Statutes which establish rights not recognized by the common law are subject to strict construction." Ayers-Schaffner v.Solomon, 461 A.2d 396, 398-399 (R.I. 1983) (citing Town ofNorth Kingstown v. North Kingstown Teachers Association,110 R.I. 698, 703 n. 5, 297 A.2d 342, 344 n. 5 (1972)). Our Supreme Court has also recognized ". . . that where the Legislature intends to alter the common law, such alteration must be plainly expressed and will not be inferred by the court." Id. at 399 (citing Traugott v. Petit, 122 R.I. 60, 404 A.2d 77, 80
(1979)).
In Monti v. Warwick School Committee, 554 A.2d at 640, our Supreme Court refused to find that a public school principal, exonerated of criminal charges brought against him, was entitled to indemnification pursuant to the terms of G.L. 1956 § 9-1-31. In so doing, the Supreme Court heavily focused on the statute's use of the terms "claim, demand, or suit," and the statute's exclusionary language, which provides that the indemnifiable acts must not be "wanton, reckless, malicious, or grossly negligent." The Court then reasoned that because the terms "claim, demand, or suit" are traditionally utilized in civil proceedings, and in light of the strong and explicit exclusionary language included in the statute, the Legislature intended for the statute to apply only to civil proceedings. Monti, 554 A.2d at 640.[2]
Subsection (k) of § 23-19-6, requires that ". . . every . . . employee of the corporation who is made a party to or is required to testify in any action, investigation, or other proceeding in connection with or arising out of the performance or alleged lack of performance of that person's duties on behalf of the corporation" be indemnified and held harmless ". . . for all expenses, legal fees and/or costs incurred by them during or resulting from the proceedings. . . ." Subsection (k) also states that the party will be ". . . indemnified and held harmless, whether they are sued individually or in their capacities as commissioners, officers, or employees of the corporation. . . ." Notably, there is no mention of indemnification for criminal actions anywhere in the statute. Subsection 23-19-6(k) contains language excluding from indemnification certain acts that are intentional, in violation of law or malicious.
The Supreme Court's analysis in Monti is persuasive, and compels this Court to find that § 23-19-6(k) does not require indemnification of the Plaintiff in connection with his defense of the criminal charges. When viewed in combination with the additional statutory language including use of the term "sued," the exclusions contained in the statute establish that the Legislature's intent was to limit indemnification to those proceedings that are civil, and not criminal, in nature. There cannot be found in the statute a plainly expressed intention to vary the common law. Therefore, although Plaintiff has been acquitted of all charges, this Court finds that § 23-19-6(k) does not entitle him to statutory indemnification for the costs associated with his criminal defense.
b. Plaintiff's claim to reinstatement and continuing property interest in his employment with the Defendant
In addition to arguing that § 23-19-6 (k) entitles Plaintiff to indemnification, Plaintiff also claims that § 23-19-6 (k) confers a property right to him as a Corporation employee, requiring Defendant to reinstate him to his position of previous employment. Relying on this premise, Plaintiff contends that Defendant violated his due process rights as provided by the Rhode Island Constitution and the United States Constitution by not affording him a pre-deprivation or post-deprivation hearing.
Plaintiff's claim that he is entitled to reinstatement based upon the indemnification statute must fail, since the Court finds the indemnification provision inapplicable to criminal charges. Even assuming that Plaintiff were entitled to indemnification pursuant to § 23-19-6(k), the right to indemnification does not equate to a right to reinstatement. Simply put, accepting Plaintiff's argument would produce an anomalous result whereby an at-will employee who has never been the subject of a civil or criminal complaint would be provided with less job security than an individual implicated in a lawsuit and allegedly entitled to indemnification pursuant to § 23-19-6(k).
Here, it is undisputed that Plaintiff was an at-will employee. In Rhode Island, the law is well settled that where there is no stated duration of employment, the employment is terminable "at any time for any reason or no reason at all." Galloway v. RogerWilliams University, 777 A.2d 148, 150 (R.I. 2001). It has also been stated that "[i]t is not the role of the courts to create rights for persons whom the Legislature has not chosen to protect." Pacheco v. Raytheon Co., 623 A.2d 464, 465 (R.I. 1993). This Court cannot find that § 23-19-6(k) was intended to vary the doctrine of "at will" employment for an employee of the Corporation.
Nor does § 23-19-6(k) afford Plaintiff a property right in his continued employment with the Defendant. Accordingly, Plaintiff was not entitled to a predeprivation or post-deprivation hearing at any time during the suspension. Plaintiff's reliance onCleveland Board of Education v. Loudermill, 470 U.S. 532,105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and its progeny, is misplaced.Loudermill applies only to public sector employees with a continuing property interest in their employment. At-will employees, such as Plaintiff, however, do not have a continuing property interest in their employment. Gomez v. RiveraRodriguez, 344 F.3d 103, 110-111 (1st Cir. 2003). InGomez, the First Circuit Court of Appeals stated:
 "We begin with an explanation of why it makes a difference whether a public employee has — or does not have — a property interest in her employment. An employer usually can dismiss an at-will employee without any special ceremony. See Smith v. F.W. Morse Co., 76 F.3d 413, 426 (1st Cir. 1996) (explaining that "an employer can give an at-will employee — even one who has been a stellar performer — her walking papers at any time, for any reason or no reason"). A public employee may, however, acquire a property interest in continued employment. In that event, the employer cannot dismiss her (and, thus, deprive her of her property) without affording her due process. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985) . . . A constitutionally protected property interest in continued public employment typically arises when the employee has a reasonable expectation that her employment will continue. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992). Under ordinary circumstances, an at-will employee lacks a reasonable expectation of continued employment (and, thus, has no property interest in her job). King v. Town of Hanover, 116 F.3d 965, 969 (1st Cir. 1997)."
Gomez, 344 F.3d at 110-111.
In this case, Plaintiff has not come forward with any facts sufficient to establish that he had a reasonable expectation of continued employment. Instead, the evidence, and particularly the acknowledgment by Plaintiff that he neither had a contract of employment nor a promise of continued employment, supports Plaintiff's status as an atwill employee. Furthermore, §23-19-6(k) does not create a property right in Plaintiff's continued employment.
 c. Estoppel and Laches
Plaintiff has suggested in his memorandum in support of his motion for summary judgment (although not in the Verified Complaint), that either the doctrine of estoppel or the principle of laches should prohibit the Corporation from denying him reinstatement.
Although Schiavulli v. School Committee of the Town of NorthProvidence, 334 A.2d 416 (R.I. 1975) recognizes that estoppel may be invoked against a governmental agency under appropriate circumstances, those circumstances have not been established by Plaintiff either in support of his motion for summary judgment, or in opposition to that of the Defendant. The elements of equitable estoppel require an affirmative representation or equivalent conduct on the part of the party against whom estoppel is claimed, and detrimental reliance thereon by the Plaintiff.El Morocco Club, Inc. v. Richardson, 746 A.2d 1228, 1233-34
(R.I. 2000) (quoting Lichenstein v. Parness, 82 R.I. 13599 A.2d 3 (1953)). Plaintiff has not put forward any evidence in his affidavit or otherwise to suggest that any representation was made by the Corporation relative to reinstatement, or that he detrimentally relied thereon.
Laches is an equitable defense and not the basis for an affirmative claim. The doctrine requires a showing of negligence in the timely assertion of a known right, coupled with prejudice to the adverse party. See Rodrigues v. Santos, 466 A.2d 306,311 (R.I. 1983). No facts have been put forward by the Plaintiff by affidavit or otherwise to bar the Defendant from invoking its right to terminate Plaintiff's employment, even if it was done after a period of suspension.
 CONCLUSION
Plaintiff was an at-will employee with no protected property interest in continuing employment with the Defendant. Accordingly, once Plaintiff's counsel received notice from Defendant's counsel that Plaintiff would not be reinstated to the position he left at the time of the indictment, Plaintiff was effectively terminated from his employment. As an at-will employee, Plaintiff is not entitled to reinstatement.
Accordingly, Defendant's Motion for Summary Judgment is granted; Plaintiff's Cross-motion for Summary Judgment is denied. The parties shall present an appropriate form of order and judgment reflective of this Decision.
[1] Defendant has also filed a counterclaim for damages allegedly resulting from Plaintiff's improper job performance. Those claims are not the subject matter of either the motion or cross motion for summary judgment.
[2] The Court stated:
 "We think it obvious that the Legislature, by limiting its reference to the indemnification of financial losses and legal expenses to those that arise out of any claim, demand, or suit intended that § 9-1-31(a) was to be applied only to civil proceedings. Further evidence of this intent can be found in the statute's exclusionary language that indicates that no indemnification will be provided for conduct that is `wanton, reckless, malicious, or grossly negligent.' Those terms usually describe activities, which are considered to be criminal in nature." Monti, 554 A.2d at 640.