**Joyce E. LAKE, Administratrix of the Estate of Steven T. Wotton**

v.

**STATE of Rhode Island.**

**No. 84–112–Appeal.**

Supreme Court of Rhode Island.

April 22, 1986.

Joseph B. Carty, Jr., Providence, for plaintiff.

Arlene Violet, Atty. Gen., Marybeth Holland, Marilyn F. McGair, Asst. Attys. Gen., for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought pursuant to the Criminal Injuries Compensation Act (the act), G.L.1956 (1981 Reenactment) chapter 25 of title 12, by the plaintiff, administratrix of the estate of Steven T. Wotton, a crime victim. The plaintiff, the victim's mother, sought recovery for expenses actually incurred as a result of the death of her son, for pain and suffering of the decedent, attorney's fees, and for any other pecuniary loss resulting from the death of the crime victim. Although the trial justice found that a damage award in the amount of $5,208 was in order, he determined that § 12–25–7(b) of the act prohibited him from making the award because the life insurance proceeds of approximately $17,000 that the mother received upon her son's death exceeded the sum that the court would have awarded. The plaintiff appeals from the judgment denying recovery.

The facts are undisputed. The plaintiff was the mother of Steven T. Wotton, a young man who was shot in the abdomen on August 13, 1981, in Providence. Mr. Wotton died of the gunshot wound the following day. The victim resided in East Providence, and his mother, the administratrix, lived in Cranston. Following the young man's death, plaintiff received life insurance death benefits from the John Hancock Mutual Life Insurance Company in the approximate sum of $17,000. Shortly thereafter, plaintiff filed a complaint in Providence Superior Court against the state, seeking recovery under the act.[1]

The trial justice reviewed the uncontradicted evidence and found that Mrs. Lake's out-of-pocket losses totaled $3,208. He also determined that an additional $2,000 was adequate to compensate the estate for the victim's pain and suffering. However, citing § 12–25–7(b) of the act, the trial jus-

---

1. A second complaint for monetary compensation under G.L.1956 (1981 Reenactment) chapter 12 of title 25 was filed by the victim's father, Francis Wotton, who did not reside with this plaintiff. The two cases were consolidated, but the father's case was dismissed at the end of the preliminary hearing. No appeal was taken.

tice was compelled to subtract the afore-mentioned insurance proceeds from the damage figure and deny any award.

The sole issue on appeal is whether § 12–25–7(b) of the Criminal Injuries Compensation Act precludes the court from making an award to the estate of the victim where the plaintiff, as administratrix of the estate, has already received life insurance proceeds in excess of the amount of damages calculated by the court.

On appeal, plaintiff argues that she received the life insurance benefits in her individual capacity as the decedent's mother, not as the legal administrator of the estate. Moreover she argues that the precise language of § 12–25–7(b) compels the trial court to deduct from an award only payments received by the victim or any of his or her dependents. Thus, she contends that since she is neither the victim of the crime nor a dependent thereof, the language requiring adjustment for insurance proceeds is inapplicable to any damage award calculated on her behalf.

In turn the state argues that the manifest intent of the Criminal Injuries Compensation Act is to compensate victims of crime or their dependents for economic losses occasioned by the commission of crime when other forms of compensation are nonexistent. Consequently, the state contends that since plaintiff had already received life insurance benefits in her capacity as the legal representative of the victim's estate, the trial justice did not err in deducting the insurance proceeds from the damage award.

■ The right of a crime victim to compensation for losses that result from the commission of violent crimes is a statutory right that was unknown at common law. *White v. Violent Crimes Compensation Board*, 76 N.J. 368, 379–80, 388 A.2d 206, 211–12 (1978). The section of the Rhode Island Criminal Injuries Compensation Act relevant to this appeal, § 12–25–7(b) states:

"*The court shall deduct* from any payments awarded under § 12–25–3 *any payments received by the victim or by*

*any of his dependents* from the offender or from any person on behalf of the offender, or from the United States (except those received under this chapter), the state of Rhode Island or any state or any of its subdivisions, or *from any insurance carrier, for personal injury or death* compensable under this chapter, but only to the extent that the sum of such payments and any award under this chapter are in excess of the total compensable injuries suffered by the victim as determined by the court." (Emphasis added.)

The plaintiff, relying on our earlier decision in *Ayers-Schaffner v. Solomon*, 461 A.2d 396 (R.I.1983), argues that in order to carry out the intent of the act, the wording must be applied literally so as to mandate the subtraction of insurance proceeds only when the recipient of an award under the act is either the victim or a dependent. We do not agree.

■ Although it is true that we did note in *Ayers-Schaffner* that "statutes which establish rights not recognized by the common law are subject to strict construction," *Id.* at 398, we also stated that to the extent that the Criminal Injuries Compensation Act is remedial in nature, we shall not subject its language to strict construction. *Id.* at 399.

■ It is the function and duty of this court to construe statutes. *Howard Union of Teachers v. State*, 478 A.2d 563 (R.I. 1984). In performing this function, we adhere to the rule that we must ascertain the intent of the Legislature and effectuate that intent whenever it is within the legislative authority. *Bassett v. DeRentis*, 446 A.2d 763 (R.I.1982); *Gott v. Norberg*, 417 A.2d 1352 (R.I.1980).

We accomplish this task by examining the language, nature and object of the statute, *Howard Union of Teachers v. State*, 478 A.2d 563 (R.I.1984) (citing *Berthiaume v. School Committee of Woonsocket*, 121 R.I. 243, 247, 397 A.2d 889, 892 (1979) ), and by giving to the words in the statute their

plain and ordinary meaning. *Brier Manufacturing Co. v. Norberg,* 119 R.I. 317, 322, 377 A.2d 345, 348 (1977).

However, this court has repeatedly stated that it will not construe a statute literally when to do so would violate the intent of the Legislature in enacting the statute. *Sugarman v. Lewis,* 488 A.2d 709, 711 (R.I.1985); *Town of Coventry v. Glickman,* 429 A.2d 440, 443 (R.I.1981). The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature. *Vaudreuil v. Nelson Engineering and Construction Co.,* 121 R.I. 418, 420, 399 A.2d 1220, 1222 (1979); *Kingsley v. Miller,* 120 R.I. 372, 376, 388 A.2d 357, 360 (1978). Even when the statutory language is clear and unambiguous, we shall not construe the wording literally if to do so would lead to meaningless or absurd results. *Berthiaume v. School Committee of Woonsocket,* 121 R.I. 243, 247, 397 A.2d 889, 892 (1979); *see also In re Crepeau-Cross,* 120 R.I. 67, 71, 385 A.2d 658–60 (1978); *State v. Sprague,* 113 R.I. 351, 355, 322 A.2d 36, 38 (1974).

In the instant appeal, if we were to adopt the interpretation urged by plaintiff and hold that insurance proceeds must be subtracted from a damage award only when the claimant is either the victim of a crime or a dependent thereof, then we would be interpreting the statute in a manner that both violates the Legislature's intent and effectuates an absurd result. To allow a decedent's estate to receive an award pursuant to the act and at the same time not adjust the award to reflect collected insurance proceeds would be tantamount to sanctioning a windfall to the estate to which neither the victim nor his or her dependent(s) would be entitled. We feel that to require a victim or dependent to deduct insurance proceeds from an award while allowing an estate to retain both is patently absurd. The clear intent of the act is to compensate victims of crimes whose economic losses would otherwise be uncompensated. In this case, it is of no significance that plaintiff received insurance benefits in her capacity as the victim's mother, as opposed to in her capacity as administratrix of the victim's estate. In either capacity, the result is the same; the insurance proceeds must be subtracted from the award.

■ Although it was not an issue on appeal, it is necessary to point out at this time that the trial justice below committed error when assessing the damage award due the plaintiff. After calculating the plaintiff's actual damages, the trial justice also awarded $2,000 for pain and suffering. Although the award is consistent with our decision in *Ayers-Schaffner, supra,* where we determined that a victim's estate could recover for the victim's pain and suffering, the Legislature subsequently amended the act to make such suffering noncompensable. *See Pezzulli v. State,* 494 A.2d 540 (R.I.1985) (P.L.1984, ch. 354, § 2, amending act to make pain and suffering noncompensable may be applied retroactively). However, the trial justice's award of $350 in counsel fees was proper and should therefore be allowed to stand.

For the reasons stated above, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.