[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's appeal of the decision by the Public Utilities Commission Division of Public Utilities (hereinafter "PUC" or "Defendant") granting the transfer of the Certificate of Public Convenience and Necessity MC-601 from the transferor, Boulevard Towing, Inc. (hereinafter "Boulevard") to the transferee, Island Lock and Key, Inc. [hereinafter "Island"]. The plaintiff, Rhode Island Public Towing Assoc., Inc. has filed this appeal, seeking to overturn the defendant's determination that the transfer was valid and the certificate was active. Jurisdiction is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
FACTS/TRAVEL
On November 12, 1992, by application filed with the PUC, Boulevard Towing Inc. sought authority to transfer a Certificate of Public Convenience and Necessity, certificate number MC-601 to Island Lock and Key, Inc. The plaintiff filed a Notice of Protest to that application. On January 29, 1993 a public hearing was conducted by the PUC.
The facts and several witnesses were presented before the PUC's hearing officer. Testimony in support of the transfer was offered by Peter Bernard Gayouski. Mr. Gayouski operated Boulevard for the benefit of his mother Shirley, who was the owner of all the stock. Boulevard had been issued a towing license, certificate member MC-601, which allowed the corporation to tow vehicles between various points in Rhode Island. Gayouski kept the towing business in existence until September 17, 1992 at which time Island agreed to purchase the business, including certificate MC-601. Records of the operation of the business in August and September 1992 were introduced into evidence at the hearing.
The plaintiff objects to the transfer. The plaintiff contends that pursuant to G.L. § 39-12-18 and the PUC's Rules and Regulations Governing the Transportation provided by the Motor Carriers of Property, the common carrier or towing certificate, specifically MC 601, owned by Boulevard should be revoked by the PUC since it had not been active for a period of sixty (60) days prior to the date of application.
The hearing officer, on March 8, 1993, issued the report and order of the PUC granting the transfer of certificate no. MC-601 from Boulevard to Island. The PUC found that the transferor was open for business and was available for the towing of automobiles under the certificate. The hearing officer concluded that pursuant to R.I.G.L. 39-12-18 the certificate was still active and that the transferor/Boulevard had not abandoned its certificate.
Two (2) principal issues are presented for this Court's review. The court must first determine whether the appeal is properly before the court under the Administrative Procedures Act. G.L. 1956 (1988 Reenactment) § 42-35-15. Secondly, provided the court determine that the appeal is properly presented, the court must then consider the merits of the plaintiff's claim that the PUC erred in its application of G.L. § 39-12-18 and Rule 3 of PUC Rules and Regulations.
This court is granted jurisdiction to review decisions of the PUC pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15. This statute also mandates the scope of review permitted by this court. Section 42-35-15(g) provides:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Section 42-35-15 precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of the witnesses on the weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307, 1309 (R.I. 1988). Under this section, a reviewing court must uphold an agency decision if there is any legally competent evidence in the record supporting the decision.Blue Cross Blue Shield v. Caldarone, 520 A.2d 969, 972 (R.I. 1987). Questions of law, however, are not binding upon a reviewing court and may be reviewed to determine what the law is and applicability to the facts. Carmody v. R.I. Conflict ofInterests Comm'n, 509 A.2d 453, 458 (R.I. 1986). The meaning of a statute is a question of law. See Howard Union of Teachers v.State, 470 A.2d 563, 565 (1987).
The PUC hearing officer's interpretation of 39-12-18 and ultimately Rule 3 of the PUC therefore is not binding upon this court. Section 39-12-18 as amended provides:
 39-12-18. Revocation of common carrier certificate. — Any irregular or regular route common carrier, who, during any period of not less than sixty (60) consecutive days, fails or has failed to render any part of the service authorized by his or her certificate, except that for the reasons that highways over which a common carrier must operate are impassable because of floods, conditions of the highways, or other reasonable causes, shall be deemed to have abandoned that part of the service authorized by the certificate; and if, after hearing, the administrator finds that the carrier has so failed to render service in accordance with his or her certificate and not for any reason set forth in the foregoing exceptions, his or her rights thereto to the extent of his failure to render service shall be forfeited; and the administrator shall revoke or reissue the common carrier's certificate subject to the resulting limitations. (emphasis supplied).
Rule No. 3 of the PUC Division of Public Utilities and Carriers, Rules and Regulations Governing the Transportation Provided by the Motor Carriers of Property, promulgated and effective September 13, 1990 provides:
 RULE No. 3 — Transfer of operating rights. (b) A proposed transfer of intrastate operating rights shall be approved only if the Administrator finds the transferee to be fit, willing and able, financially and otherwise, to engage in bonafide motor carrier operations under such operating rights; further, the Administrator shall only reissue and transfer a certificate or permit to the transferee which does not exceed the scope of commodities which had been transported by the transferor during the sixty (60) days period immediately preceding the date when the transfer application was received for filing with the Division and further, the remaining scope of commodities, which had not been transported by the transferor during said period shall be revoked. Rhode Island Public Towing contends that the hearing officer clearly
failed to (1) properly construe the evidence and (2) give either the statute or Rule No. 3 their plain and ordinary meaning.Plaintiff's Memorandum p. 6. The plaintiff submits, based on the plain and ordinary meaning of the language in both § 39-12-18
and rule No. 3, that the transferor's failure to render touring services for a period of time exceeding that amount statutorily provided for, namely sixty (60) days, makes the certificate dormant. Because it has been dormant for such an extended period, the plaintiff concludes that the application should have been denied. Its conclusions are based or an interpretation of §39-12-18 which focuses particularly upon the term "render," as they argue that the actual performance of towing a car is required to fulfill and satisfy the statutory provisions. The statute, the plaintiff concludes, mandates that the failure to "render" ("perform" or "furnish") towing services for sixty (60) continuous days requires that the right to tow pursuant to certificate MC-601 be deemed abandoned, the right to tow be forfeited and the certificate be revoked. Id. p. 8.
The Supreme Court of Rhode Island has repeatedly stated that "absent a contrary interest the words in the statute must be given their plain and ordinary meaning." D'Ambra v. NorthProvidence School Committee, 601 A.2d 1370 (1992). A court's paramount task in construing a statute is to ascertain the intent behind the enactment of that statute and to effectuate that intent whenever lawful and within the competence of the legislature. Dunne Lease Cars Trucks, Inc. v. Kenworth TruckCo., 466 A.2d 1153, 1156 (R.I. 1983). Courts should effectuate the intent of the legislature by examining the language, nature and object of the statute under consideration and by giving the words of the statute their plain and ordinary meaning. Lake v.State, 507 A.2d 1349, 1351-52 (R.I. 1986). When examining the language of a statute, courts should strive to give effect to all of that statute's provisions, and avoid constructing any sentence, clause or word as unmeaning or surplusage. R.I. Dept.of Mental Health v. R.B., 549 A.2d 1028, 1030 (R.I. 1988). Moreover, when the language of a statutory provision is clear on its face, the court must give effect to the plain meaning of that provision. Gilbane Co. v. Poulas, 576 A.2d 1195, 1196 (1990).
The plaintiff's interpretation of section 39-12-18 is both selective and convenient for its own purposes. Rather than reading and construing the statute as a whole and deriving a plain and ordinary meaning from that reading, the plaintiff selectively construed one word ("render") in total disregard for the standard recognized in R.I. See R.I. Dept. of Mental Healthv. R.B., 549 A.2d 1028 (R.I. 1988). Further, the plaintiff ignored the language provided, including language defining "render" as meaning "to give or make available." Plaintiff's Memorandum at page 8 and The American Heritage Dictionary of theEnglish Language, 1101 (1971). Consequently, the plaintiff's assertion that abandonment be mandated and that the certificate be deemed dormant and nontransferable is without basis both in the subject provision and the evidence on record.
The content of G.L. § 39-12-18 indicates that the legislature did not intend to deprive licenses to carriers who have not only maintained those services required, including both personnel and machinery, but also remained prepared to offer those services upon request. Boulevard, without contradiction by the plaintiff, established that it had preserved and maintained in operative condition tow services as authorized by certificate no. MC-601. Those services were available under that certificate during the sixty (60) days prior to the application of transfer. In fulfillment of section 39-12-18, Boulevard was open for business and prepared to offer towing services as evidenced by the bills of lading (road service requests) submitted at the hearing. The fact that the road service requests received during that period did not result in Boulevard's providing actual towing service should not, and does not, reflect on Boulevard's capacities or abilities under the certificate. In fact, those requests, and Boulevard's subsequent handling of them, only serves to further display, in a practical sense, the true legislative intent of §39-12-18. If Boulevard had simply towed each request when, as evidenced by the bills of lading submitted, less drastic and certainly less costly measures were available, the corporation would have performed a disservice to their customers only to meet a prescribed statutory requirement. That is certainly not the intent of section 39-12-18.
The PUC had before it ample evidence establishing a lack of abandonment. The hearing officer specifically found that the transferor/Boulevard was in business as a towing company and was available to provide towing services during the sixty (60) days immediately preceding the filing of the application. The PUC concluded that the requisite services were available under certificate no. MC-601 and concluded that the certificate was active. The weight to be given any evidence rests with the sound discretion of the hearing officer. See Environmental ScientificCorporation v. Durfee, 621 A.2d 200 (R.I. 1993). After review, this court finds that the conclusion of the PUC that Boulevard did not abandon its rights and interest in MC-601 was justified by the evidence.
Plaintiff's additional arguments regarding the content and import of § 39-12-18 and Rule No. 3 regarding the transfer of commodities is rendered moot as this court has upheld the Agency's determination that MC-601 is active and available for transfer to Island. The PUC's finding that all rights to transport any commodities under Rule No. 3, specifically the rights in certificate no. MC-601, remain intact and are transferable. That finding is supported by substantial evidence.
Accordingly, the Report and Order granting the transfer of certificate no. MC-601 is upheld, and the plaintiff's complaint is hereby dismissed.
Counsel shall submit the appropriate judgment for entry.