DECISION
This matter is before the Court on appeal from a Master's decision to dismiss Carol Johnson's (plaintiff) claim for loss of support as a result of the murder of Cheryl Johnson. The action was brought pursuant to the Criminal Injuries Compensation Act, G.L. 1956 § 12-25-1, et seq. (the Act).
 Facts
The facts in this case are not in dispute. The victim in the case, Cheryl Johnson, was stabbed to death in her apartment on December 27, 1990. At the time of her death, Cheryl Johnson left one minor child, Randy, who was five years old. The decedent, a student at New England Tech, had no independent income and supported her son through AFDC payments of $327 a month for the three years prior to her death. After her daughter's death, Carol Johnson (plaintiff) was appointed legal guardian of her grandson Randy Johnson, who still presently receives $327 a month in AFDC payments. As a result of Cheryl Johnson's murder, the plaintiff, as representative and next best friend of Randy Johnson, filed a complaint on Randy's behalf against the State of Rhode Island and Anthony Solomon in his capacity as Treasurer of the State of Rhode Island, pursuant to G.L. 1956 §§ 12-25-3, 12-25-6.
The matter was heard before Master Keough on February 3, 1998, at which time the State of Rhode Island's motion to dismiss was granted.
 Standard of Review
Pursuant to Administrative Order 94-12, the Superior Court justice assigned to the Formal and Special Cause Calendar shall make a de novo determination of those portions to which the appeal is directed and may accept, reject, or modify, in whole or in part, the judgment, order, or decree of the Master. The justice, however, need not formally conduct a new hearing and may consider the record developed before the Master, making his or her own determination based upon that record whether there is competent evidence upon which the Master's judgment, order, or decree rests. The justice may also receive further evidence, recall witnesses, or recommit the matter to the master with further instructions.
 The Issue of the Nature of Compensation
In 1972, the General Assembly of the State of Rhode Island adopted the Act as a remedial measure to assist victims injured as a result of the criminal acts of others. Compensation under the Act is controlled by G.L. 1956 § 12-25-5, which states in pertinent part:
 "The court may render judgment for compensation or issue an order approving settlement under this chapter for —
 (a) expenses actually and reasonably incurred as a result of the personal injury or death of the victim;
 (b) pecuniary loss to the dependents of the deceased victim;
 (c) pain and suffering of the victim; and
 (d) any other pecuniary loss resulting from the personal injury or death of the victim, the amount of which the court finds upon the evidence to be reasonable and necessary.
According to G.L. 1956 § 12-25-2 (4)(B), pecuniary loss when the victim dies, includes (i) funeral and burial expenses for which the victim's estate is not compensated by any other source; and (ii) loss of support to the dependents of the victim. However, the term "loss of support" is not defined in any section of the Act. Since there does not exist a question as to whether Cheryl Johnson is a victim and Randy Johnson a dependent, the issue posed to this Court concerns the relief to which Randy Johnson may be entitled.
The plaintiff argues that "a plain reading of the Act reveals that the term `include' in the definition of `pecuniary loss' is not intended to exclude all other definitions not specifically set forth. According to the plaintiff, the Act clearly and unambiguously sets forth definitions which are to be included in the statute, and at the same time, it does not specifically exclude other possible definitions." Plaintiff's Supplemental Memorandum at 2.
The State of Rhode Island contends that the Act must be read as a whole with G.L. 1956 § 12-25-2 constituting the controlling definational section so as to recognize the legislature's intent to limit the nature of compensation available to dependents in death cases to loss of support and burial expenses. Defendant's Supplemental Memorandum at 1. As such, the State argues that "[i]ncludes means that the legislature intended to include these enumerated items as compensable losses and only to include these items." Id.
The State's reliance on the principle that an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed is misplaced. The principle is an aid in statutory construction and is not dispositive of legislative intent in every case. Volpe v. Stillman White Co.,415 A.2d 1034, 1036 (R.I. 1980) (citing Resnick v. East BrunswickTownship Board of Education, 77 N.J. 88, 89, 389 A.2d 944, 949 (1978)). "[T]he principle that express enumeration of items in a statute impliedly excludes all others" must be carefully applied so as to effectuate, not defeat, the legislative intent. Id.
When construing a statute, the courts are bound by legislative intent. Gilbane v. Poulas, 576 A.2d 1195, 1196 (RI. 1990). Legislative intent is determined through examination of the language of the statute itself, giving the words contained in the statute their plain and ordinary meaning. The clear intent of the Act is to compensate victims of crimes and their dependents whose economic losses would otherwise be uncompensated. State v.Lake, 507 A.2d 1349, 1351 (RI. 1986). Therefore, this Court finds that the legislature did not intend to limit the recovery of dependents of deceased victims solely to burial and funeral expenses or loss of support. Accordingly, G.L. 1956 §§ 12-25-2, 12-25-5, 12-25-6 must be read together to determine the relief available.
 The Issue of Recovery
The plaintiff contends that the terms "loss of support" and "any other pecuniary loss" in the Act are open to judicial interpretation since no definition is given. According to the plaintiff, the Act intends to compensate a dependent for loss of support and that such loss of support is not limited to the level of support enjoyed by the dependent during the victim's lifetime. Rather, the loss of support the Act intends to compensate includes support that the dependent would have received in the future.
In turn, the State argues that intent of the Act is to compensate victims and their dependents for economic losses occasioned by the commission of a crime when no other form of compensation exists. Consequently, the State contends that since the plaintiff was receiving welfare benefits at the time of his mother's death, he was not being supported by her and therefore has not suffered the type of loss of support compensable by the Act. Furthermore, while the State agrees that G.L. 1956 § 12-25-5 allows the court some discretion in fashioning awards for other pecuniary losses which were reasonable and necessary, they argue that no such losses exist in this case.
The function and duty to construe statutes lies with the courts and in performing this function, the courts must ascertain the intent of the Legislature and effectuate said intent whenever feasible. Lake, 507 A.2d at 1351 (citing Bassett v. DeRentis,446 A.2d 763 (R.I. 1982); Gott v. Norberg, 417 A.2d 1352 (R.I. 1980). In construing a statute, the courts should look to the language, nature, and object of the statute, in addition to giving the words of the statute their plain and ordinary meaning. Lake, 507 A.2d at 1351-1352 (citing Howard Union of Teachers v. State,478 A.2d 563 (R.I. 1984); Brier Manufacturing Co. v. Norberg,119 R.I. 317, 322, 377 A.2d 345, 348 (R.I. 1977). Since the legislative intent is considered the primary factor in statutory construction, a statute may not be construed in a manner that results in absurdities or defeats its underlying purpose. Lake,
507 A.2d at 1352.
With those principles in mind, this Court finds that a fair reading of the statute leads to the conclusion that the Legislature intended that the "loss of support" and "any other pecuniary loss" that dependents are eligible to be compensated for under the Act connotes a loss which is economic in nature. Were this Court to accept the plaintiff's contention that loss of support and pecuniary loss referred to in the Act should be broadly defined so as to encompass not only economic loss but also non-economic losses such as nurturing, guidance, and care, this Court would be interpreting the statute in a manner that both violates the Legislature's intent and effectuates an absurd result. The Act is intended to compensate victims of crime for economic losses which would otherwise go uncompensated and is a fund of last resort. The Act was not created to compensate victims for every consequence that results from the crime.
The funeral and burial expenses of the Decedent were paid for by the State, and at the time of his mother's death, the plaintiff was being supported by monthly AFDC payments from the state and still continues to receive those payments. Furthermore, the plaintiff has not shown that a reasonable and necessary economic loss exists that could be categorized as a pecuniary loss under G.L. 1956 § 12-25-5. Since the plaintiff has failed to demonstrate that any economic loss has resulted from the death of his mother, this Court therefore finds that the plaintiff is not entitled to compensation under the Act.
For the reasons herein states, this Court denies the plaintiff's prayer for compensation under the Criminal Injuries Compensation Act.