DECISION
This is an appeal from a decision of the Rhode Island Department of Human Services (DHS) finding that the plaintiff did not have good cause to abandon a DHS hearing concerning her Family Independence Program (FIP) benefits. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
The plaintiff, Josephine Cortes, applied for FIP, food stamps, and medical benefits in April 1998. The defendant, DHS, denied her application in May 1998 for "failure to provide all required information." Specifically, she had failed to appear at a DHS intake appointment pursuant to FIP Manual § 802.15. Ms. Cortes made a timely request for a hearing concerning DHS's denial. Additionally, Ms. Cortes reapplied for the same benefits as mentioned above, and DHS granted these benefits on or about May 21, 1998.
On July 13, 1998, DHS informed Ms. Cortes that a hearing regarding her initial denial of benefits was to be scheduled for August 5, 1998 at 2:00 pm. The notice of the hearing included the following language:
 "FAILURE TO APPEAR AT THE HEARING MAY BE CONSIDERED AN ABANDONMENT OF YOUR REQUEST UNLESS YOU CAN SHOW GOOD CAUSE FOR NOT APPEARING. IF GOOD CAUSE EXISTS WHICH WILL PREVENT YOU FROM APPEARING AT THIS SCHEDULED HEARING, PLEASE CALL. . . ." DHS Hearing Appointment Notice July 13, 1998, at 1.
Ms. Cortes did not appear at this hearing. The hearing officer denied a continuance request made by the legal representative of Ms. Cortes who was present at the hearing. The DHS, on August 11, 1998, issued a Notice of Abandonment pursuant to DHS Policy Manual § 110.40.
Ms. Cortes made a timely response to the Notice of Abandonment, stating that she was unable to get to the hearing because of transportation problems. Specifically, Ms. Cortes stated that a friend, who was to drive her to the hearing, was erroneously told that Ms. Cortes had already left her apartment, and so the driver departed without her.
The DHS determined that the response to the Notice of Abandonment by Ms. Cortes did not suffice as a good cause according to DHS Policy Manual § 110.40.05. Decision ofDepartment of Human Services, August 26, 1998, at 2. In that decision, the hearing officer noted that the plaintiff lived within walking distance of the district office where the hearing was held, and that she had almost three months between the hearing request and the hearing itself in which to learn where the office was located. Id. Furthermore, upon realizing that she was not going to appear at the hearing, the plaintiff made no attempt to call or otherwise promptly explain her absence. Id. Based on these facts, a final decision finding that the plaintiff had abandoned her hearing request was entered on August 26, 1998. This timely appeal followed.
 STANDARD OF REVIEW
This Court will review the decision of the DHS pursuant to R.I.G.L. § 42-35-15 (g), which provides that when reviewing a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) in violation of constitutional or statutory provisions;
 (2) in excess of the statutory authority of the agency;
 (3) made upon unlawful procedure;
 (4) affected by other error of law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
Pursuant to § 42-35-15, a reviewing court cannot substitute its judgment for that of the agency in regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact. Costa v. Registrar of MotorVehicles, 543 A.2d 1307, 1309 (R.I. 1988). This Court must instead confine itself to a review of the record of the administrative hearing to determine if any "legally competent evidence" exists to support the agency's decision. Turner v.Department of Employment Security, 479 A.2d 740, 742 (R.I. 1984). Legally competent evidence is indicated by the presence of "some" or "any" evidence supporting the agency's findings. EnvironmentalScientific Corp. v. Durfee, 621 A.2d 200, 208 (R.I. 1993); Sartorv. Coastal Resources Management Council, 542 A.2d 1077, 1082-83 (R.I. 1988). The court, therefore, may reverse factual conclusions of administrative agencies only when they are "completely bereft of competent evidentiary support in the record." Sartor at 1083; See also, Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (R.I. 1981).
 ABANDONMENT OF HEARING REQUEST
Ms. Cortes argues that she made an adequate showing of good cause with her August 21, 1998 response to the August 11, 1998 Notice of Abandonment. Ms. Cortes claims that the final decision of the DHS that she had abandoned her claim without good cause is, inter alia, contrary to the DHS Policy Manual §§ 110.40, 100.40.05, arbitrary and capricious, and clearly erroneous in light of the reliable, probative and substantial evidence of the record. Ms. Cortes seeks a rescheduling of the hearing concerning the denial of FIP, food stamps, and medical benefits for the period between April 1998, and May 21, 1998.
This Court is bound to uphold an agency's decision when "competent evidence exists in the record considered as a whole. . . ." Barrington School Committee v. Rhode Island StateLabor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992). A reviewing court will not weigh evidence or assess the credibility of witnesses, "but merely reviews the record to determine whether there is legally competent evidence to support the administrative decision." Bunch v. Board of Review, Rhode Island Dept. ofEmployment and Training, 690 A.2d 335, 337 (R.I. 1995). "When more than one inference may be drawn from the record evidence, this court may not substitute its own judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely without competent evidentiary support." Rocha v. State Public UtilitiesComm'n., 694 A.2d 722, 726 (R.I. 1997) (citing Sartor v. CoastalResources Management Council, 542 A.2d 1077, 1083 (R.I. 1988)). Furthermore, "although not controlling, the interpretation given a statute by an administrative agency will be given great weight." Berkshire Cablevision of Rhode Island v. Burke,488 A.2d 676, 679 (R.I. 1985). Moreover, "an agency's construction of its own regulations is entitled to substantial deference." Martin v.Occupational Safety and Health Review Comm'n., 499 U.S. 144, 150, 11 S.Ct. 1171, 113 L.Ed. 117 (1991).
In the July 13, 1998 letter to Ms. Cortes informing her that she had abandoned her hearing request without good cause, DHS cited to the Rhode Island Department of Human Services Manual § 110.40.05 which states:
 "A hearing may not be considered abandoned as long as the individual has notified the appeals office, up to the time of the hearing, that s/he is unable due to good cause to keep the appointment and that s/he still wishes a hearing. Staff should assist the claimant in the establishment of good cause, and when necessary, forward determining information to the hearing officer.
 Good cause is established on the basis of the following factors, including but not limited to:
 • Death in the family • Injury or illness which reasonably prohibits the individual from attending the hearing. • Sudden and unexpected emergency
 Authority to determine good cause rests solely with the hearing officer."
In determining whether or not a "good cause" exists in a particular situation, the guiding principle should be the intent of the legislature. See Rhode Island State Labor Relations Boardv. Valley Falls Fire District, 505 A.2d 1170, 1171 (R.I. 1986) (citing Howard Union of Teachers v. State, 478 A.2d 563 (R.I. 1984)). The intent is discerned by an examination of "the language, nature, and object of the statute." D'Ambra v. NorthProvidence School Committee, 601 A.2d 1370, 1374 (R.I. 1992) (quoting Lake v. State, 507 A.2d 1349, 1351 (R.I. 1986)).
When a statute or regulation appears ambiguous, "an attempt must be made to `ascertain the legislative intention from a consideration of the legislation in its entirety, viewing the language used therein in the light, nature, and purpose of the enactment thereof.'" In re Advisory Opinion to the Governor,504 A.2d 456, 459 (quoting City of Warwick v. Almac's, Inc.,442 A.2d 1265, 1273 (R.I. 1982)). DHS's enforcement of the statute through regulations is therefore "entitled to weight and deference as long as the construction is not clearly erroneous or unauthorized." Gallison v. Bristol School Committee,493 A.2d 164, 166 (R.I. 1995). Additionally, according to the good cause provision, the administrative hearing officer has sole authority to determine whether good cause exists.
The enumeration of items in the good cause standard stated above, though not exhaustive, is unambiguous in its intent to exclude all but the most serious of causes or reasons. The evidence shows that the reasons provided by Ms. Cortes for missing the hearing do not rise to the level of death, injury or illness, or sudden and unexpected emergency.
The DHS hearing officer found that Ms. Cortes lived within walking distance of the district office and had three months in which to ensure that she knew where it was. The hearing officer also found that Ms. Cortes was not ready to depart when her ride appeared, and that once Ms. Cortes knew she was going to miss the hearing, she made "no attempt to call either the appeals office or the district office to explain the circumstances for not attending the hearing." DHS Decision, supra. Based on these facts, the hearing officer failed to find good cause in Ms. Cortes's explanation.
After a review of the entire record, this Court finds that DHS's determination that the plaintiff had abandoned her hearing without good cause was not in excess of the statutory authority of the agency, and was not clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. The agency decision was not arbitrary or capricious or characterized by abuse of discretion or affected by error of law. Substantial rights of Ms. Cortes have not been prejudiced. Accordingly, the appeal to this Court by Ms. Cortes is denied, and the decision of the Department of Human Services is affirmed.
Counsel shall prepare and submit an appropriate Order for entry of judgment in accordance herewith, within ten days.